UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE HOLY SPIRIT ASSOCIATION FOR THE UNIFICATION OF WORLD CHRISTIANITY,<br><br>                    Plaintiff,<br><br>           -against-<br><br>MICKEY BARRETO; MICKEY BARRETO MISSIONS,<br><br>                    Defendants. | 22-CV-4019 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Defendant Mickey Barreto, who is appearing *pro se*, filed a notice removing to this Court an action that was pending in the Supreme Court of the State of New York, County of New York. *See* Index No. 155828/2019.[1] For the reasons set forth below, the action is remanded to the Supreme Court of the State of New York, County of New York.

**STANDARD OF REVIEW**

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*,

---

[1] Barreto filed this notice of removal on May 16, 2022, and subsequently paid the filing fees on June 10, 2022..

537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

On May 5, 2021, Plaintiff The Holy Spirit Association for the Unification of World Christianity, the fee simple owner of a building located at 481 Eighth Avenue, New York, New York, filed an order to show cause against Defendants in the Supreme Court of the State of New York, County of New York. (*See* ECF No. 1-2 at 2-9.) In Plaintiff's affidavit in support of its order to show cause, Plaintiff alleges that, for one night in June 2018, Barreto rented Room 2565 in the building known as the New Yorker Hotel, which is located at 481 Eighth Avenue in Manhattan. Since June 2018, Barreto has refused to leave the room, claiming that he is entitled to a rent stabilized lease, and he has not paid any hotel fees or rent since that time. (*Id.*) In Plaintiff's affirmation in support of its motion by order to show cause to hold Defendants in contempt, Plaintiff further alleges that, although it has owned the building since 1976 and never transferred ownership, on or about May 28, 2019, Barreto fraudulently filed a deed conveying the building to himself. (*Id*. at 24.) Plaintiff sought an order to hold Mickey Barreto and Mickey Barreto Missions in criminal and civil contempt and to require Defendants to indemnify Plaintiff for its attorneys' fees and costs, and to imprison Mickey Barreto. (*Id.* at 8.)

By "Decision + Order on Motion" dated October 18, 2019, Justice Robert D. Kalish granted summary judgment in favor of Plaintiff, declared null and void the deed that Defendant filed, and declared Plaintiff the true owner of the building. (*Id.* at 14.)

On May 16, 2022, Barreto filed a notice of removal purporting to remove the state-court action to this court. (ECF No. 1.) He alleges that the notice of removal is timely because he filed it within 30 days of his receipt of service of a "Decision and Order by the State Court on its own motion referring the Case to a 'Special Referee' for determination" of whether Plaintiff should be held in criminal contempt pursuant to the state-court's October 18, 2019, order. (*Id.* at 1-2.) He further alleges that the court has both federal question jurisdiction and diversity of citizenship jurisdiction of this action.

## DISCUSSION

**A.      Timeliness**

The notice of removal is untimely. A notice of removal must be filed within 30 days of the defendant's receipt of a pleading, motion or other paper indicating grounds for removal. *See* 28 U.S.C. § 1446(b). Plaintiff filed this action in the state court on June 12, 2019. *See* https://iapps.courts.state.ny.us/webcivil/FCASSearch. Barreto argues that removal is timely under 28 U.S.C. § 1446(b)(3) because he filed it within 30 days of April 15, 2022, the date he was served via email with a "Decision and Order by the State Court on its own motion referring the Case to a 'Special Referee' for determination" of whether Plaintiff should be held in criminal contempt pursuant to the state-court's October 18, 2019, order.[2] (ECF No. 1 at 1-2.) Section 1446(c)(3) allows for a notice of removal to be filed "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Barreto alleges no

---

[2] It appears that Barreto refers to the incorrect removal section. Section 1446(b)(3) allows for removal within 30 days after receipt by the defendant, through service or otherwise of paperwork from which it may first be determined that the action is or has become removable. *See* 28 U.S.C. § 1443(c)(3).

3

facts, however, suggesting that his purported grounds for removal were "first . . . ascertained" when he received service of the decision referring the state-court case to a special referee. Barreto's notice of removal is therefore untimely.

**B.      Subject Matter Jurisdiction**

Even if Barreto's notice of removal were timely, his notice of removal does not demonstrate that this Court has subject matter jurisdiction of this action. A defendant in a state court action may remove a matter to a federal district court only if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a).

1. Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

In the context of removal, the "well-pleaded complaint" rule determines whether an action arises under the Constitution, laws, or treaties of the United States. Under that rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotation marks and citations omitted). Whether a case is one arising under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose." *Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10 (1983); *see also*

*City of Rome, N.Y. v. Verizon Commc'ns Inc.*, 362 F.3d 168, 175 (2d Cir. 2004) (holding that in assessing whether there is federal question jurisdiction, the court must look to see if the well-pleaded complaint asserts a federal claim on its face and that "[t]he mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach.").

Barreto asserts that removal of the action "is warranted under several federal statutes, is of interest of the United States and benefits the People of the United States." (ECF No. 1 at 16.) Even assuming the truth of Barreto's assertion, nothing in the original action or proceeding demonstrates the existence of a federal question. To the extent Barreto makes this assertion as an affirmative defense, such defenses are not part of the complaint. *See Rivet*, 522 U.S. at 475 ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim."). The original action was brought by Plaintiff, a building owner, seeking to have Barreto, who rented Room 2565 in the building known as the New Yorker Hotel, located at 481 Eighth Avenue in Manhattan, held in criminal and civil contempt, and requiring Barreto to indemnify Plaintiff for its attorneys' fees and costs, and to imprison Barreto for fraudulently filing a deed conveying the building to himself. Barreto's notice of removal appears to be mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim; it does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Despite Barreto's assertion, he fails to plead facts showing that his claim arises under federal law. There is, therefore, no basis for federal question jurisdiction.

2. Diversity Jurisdiction

Barreto also asserts that the Court has diversity jurisdiction of this action. Federal courts have diversity jurisdiction of "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

*Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (citing 28 U.S.C. § 1332(a)(1)). Barreto alleges that the parties are diverse because Plaintiff is "a foreign state" and Barreto is a citizen of the State of New York. (ECF No. 1 at 11.) An action cannot be removed on the ground of diversity jurisdiction, however, if any defendant is a citizen of the forum state. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) (removal on the basis of diversity is statutorily prohibited under 28 U.S.C. § 1441(b)(2) if any "part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought."); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n.2 (2d Cir. 2000) ("Because [Defendant] was a citizen of New York, he was not entitled to remove to federal court" in New York.) Because Barreto, who is the defendant in the state court action, is a citizen of New York, he may not remove the state-court action to this court on the basis of diversity jurisdiction.

For all of these reasons, the Court concludes that removal of this case was improper. Thus, the action is remanded to the Supreme Court of the State of New York, County of New York. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## LITIGATION HISTORY

A review of this court's records reveals that on April 8, 2022, Barreto filed a notice of removal, seeking to remove to this court an action that was pending in the Housing Part of the Civil Court of the City of New York, County of New York, and by order dated April 29, 2022,

the Court remanded the action to the Civil Court.[3] *See The New Yorker Hotel Mgmt. Co., Inc. v. Barreto*, ECF 1:22-CV-2960, 7 (S.D.N.Y. Apr. 29, 2022).

In light of Barreto's previous action, this Court finds that he was or should have been aware of the procedures for the removal of a civil action from state court to federal district court. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements)." Accordingly, Barreto is warned that further duplicative or frivolous litigation in this court will result in an order barring Plaintiff from filing new actions without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the Supreme Court of the State of New York, County of New York.

The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

Dated:   June 27, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

[3] That state-court action also pertained to Barreto's tenancy of Room 2565 in the building known as the New Yorker Hotel, located at 481 Eighth Avenue in Manhattan.